1 | MAURIELLO LAW FIRM, APC
Thomas D. Mauriello (CA Bar. No. 144811)
2 | 1181 Puerta Del Sol, Suite 120
San Clemente, CA 92673
3 | Phone: (949) 542-3555
4 | Fax: (949) 606-9690

5 | CHIMICLES & TIKELLIS LLP
6 | Steven A. Schwartz
Timothy N. Mathews
7 | 361 W. Lancaster Avenue
Haverford, PA 19041
8 | Telephone: (610) 642-8500

9 | *Attorneys for Plaintiff Robert Warcholik,*
10 | *on behalf of himself and all others similarly*
*situated*
11 | (Additional counsel listed on signature page)

12

13 | **UNITED STATES DISTRICT COURT FOR THE**

14 | **CENTRAL DISTRICT OF CALIFORNIA**

15 | **SOUTHERN DIVISION**

16 | ROBERT WARCHOLIK,                    Case No. **CV11-03485 VBF (Ex)**
17 | on behalf of himself and all others    **COMPLAINT FOR EQUITABLE**
similarly situated,                          **RELIEF AND DAMAGES**
18 |             Plaintiffs,                    **CLASS ACTION**
19 |       v.
20
21 | VIZIO, INC., a California corporation,
22 |             Defendant.                    **JURY TRIAL DEMANDED**
23
24
25
26
27
28

Plaintiff Robert Warcholik ("Plaintiff"), individually and on behalf of all others similarly situated, by his undersigned counsel, alleges the following upon personal knowledge as to his own acts and upon information and belief as to all other matters.  Plaintiff's information and belief is based upon the investigation conducted by counsel:

## **INTRODUCTION**

1.     Plaintiff brings this action against defendant VIZIO, Inc. ("Vizio" or "Defendant") on his own behalf and as a class action on behalf of all others who purchased a television manufactured, sold, or distributed by Vizio in the United States from January 1, 2003 through the date upon which Defendants cease the wrongful conduct alleged herein (the "Class Period"), whose Vizio TV suffers from the design defect described herein (hereinafter the "Class").  Any claims that Plaintiffs or any member of the Class may have against Vizio for personal injuries or consequential damages are expressly excluded from this action.

2.     Vizio calls itself "America's #1 LCD HDTV Company," whose motto is "Where Vision Meets Value."  Founded in 2002, Vizio quickly grew to become one of the top sellers of HDTV's in the United States by selling its products through Costco Wholesale, Sam's Club, Walmart, Target, BJ's Wholesale, and other retailers nationwide. Vizio states that it is "committed to bringing feature-rich consumer electronics to market at a value through practical innovation."

3.     As set forth below, however, Vizio's meteoric growth in the U.S. has been fueled in part by foisting defective products on U.S. consumers which require expensive repairs within just a few short years.  Specifically, Vizio TVs suffer from a design defect which results in inevitable circuit board failures rendering the TVs inoperable. Repairing the defective TVs typically costs hundreds of dollars, representing a large proportion of the original purchase price and frequently exceeding the value of the TV.   The problem with Vizio TVs has become so widespread that it earned its own moniker, the "pop of death," a term which even

1  Vizio's customer service personnel have used.  Frequently, the TVs last just slightly
2  longer than Vizio's one year warranty before the pop of death occurs.

3      4.      Vizio knew or should have known about the pop of death defect at the
4  time it sold the TVs but Vizio never informed consumers that the TVs, which cost
5  hundreds to thousands of dollars, would have an extremely short lifespan and
6  require repairs costing hundreds of dollars within a short period of time.

7      5.      Vizio warrants its product against defects for one year, but given
8  Vizio's knowledge of the widespread pop of death problem, its superior bargaining
9  power vis-à-vis Plaintiffs and class members, consumers' lack of bargaining power,
10 and that fact that the TVs are highly likely to fail soon after the one year period
11 expires, its attempt to limit its warranty obligations to one year is unconscionable
12 and unenforceable.

13     6.      As a result of Vizio's wrongful and deceptive conduct, Vizio has
14 improperly passed the expense of repairing or replacing the TVs along to Plaintiffs
15 and the other members of the Class. Vizio has actively concealed this widespread
16 defect from Plaintiff and the other members of the Class.  Had Plaintiffs and the
17 other members of the Class known of this design defect, they would not have
18 purchased their Vizio TVs.

19                                    **PARTIES**
20 **Plaintiff**

21     7.      Plaintiff Robert Warcholik is a resident of San Diego, CA.   Mr.
22 Warcholik purchased a 42 inch Vizio plasma television in February of 2007 from
23 Costco.  In May 2010, Mr. Warcholik's Vizio experienced the pop of death and would
24 no longer turn on. Mr. Warcholik spent nearly $350 to repair the television.

25     8.      Defendant Vizio, Inc. is a California corporation headquartered in
26 Irvine, California.  Founded in 2002, Vizio grew very rapidly.  By 2008, Vizio was
27 generating 2 billion dollars in revenue annually. Vizio calls itself "America's #1 LCD

28

HDTV Company," whose motto is "Where Vision Meets Value."  Upon information and belief, Vizio contracts with Taiwanese firms to manufacture its TVs.

## JURISDICTION AND VENUE

9.     This Court has diversity jurisdiction of this action pursuant to 28 U.S.C. §§1332(d)(2) and (6) of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states.  This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 and California Civil Code section 1780(d) because the Defendant does business in this district and a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred in this District. Vizio engaged in the unlawful conduct alleged in this Complaint by, *inter alia*, marketing and distributing the defective TVs; by drafting and/or approving the terms of the warranties that are included or are sold with defective TVs; by implementing and executing the illegal, unfair, fraudulent, and unconscionable corporate policies and practices alleged herein; and by maintaining systematic and continuous business contacts with the State, primarily through its Irvine headquarters.

## GENERAL ALLEGATIONS

11.    Vizio TVs are sold nationwide at Costco, Sam's Club, Walmart, Target, BJ's Wholesale, and other retailers.  The average prices for Vizio TVs ranges from several hundred to over two thousand dollars, depending on the model.

12.    Industry buying guides rate LCD and Plasma Flat Screen TVs to have a life span of 60,000 to 100,000 hours, or about 8 hours of daily viewing for 20

years.[1]  On the specification sheets for the TVs it sells, Vizio itself touts that its panel lamps have an expected of life of 40,000 hours or more.[2]  Those specification sheets are typically posted wherever the TVs are sold and included with the instructions provided with the TVs.

13.     In any event, consumers paying between hundreds or thousands of dollars for a TV could reasonably expect their TV to function well beyond one year warranty extended by Vizio's boiler-plate warranties.

14.     Upon information and belief, the pop of death problem results from defectively designed and manufactured circuit boards and, in particular, defective capacitors used in those circuit boards.

15.     Plasma and LCD televisions, like almost all televisions, contain a number of internal electronic components.   These electronic components are mounted on circuit boards and serve dedicated functions, *i.e.*, enabling the television to power on and off, tune to a particular channel, display visual images properly, and replay audio.   Certain of these circuit boards in the Vizio TVs contain electronic devices called capacitors.

16.     Capacitors are devices that store electrical charges.   Capacitors are critical components in electronics such as televisions, camera flashes, and radios. A typical capacitor is comprised of two conductors separated by a dielectric (non-conducting substance) such as air, glass, ceramic, or paper.  These conductors are usually referred to as plates, regardless of their actual shape.

---

[1]     *See, e.g.*, http://www.lcdtvbuyingguide.com/lcdtv/lcdtv-lifetime.shtml (Last Accessed on April 20, 2011);
http://www.plasmatvbuyingguide.com/plasmatv/plasmatv-lifespan.html (Last Accessed on April 20, 2011); http://www.highdefforum.com/flat-panel-tvs/19770-6-misconceptions-lcd-tv.html (Last Accessed on April 20, 2011).
[2]     *See, e.g.*, http://www.vizio.com/flat-panel-hdtvs/vf552xvt.html  (Last Accessed on April 20, 2011); http://www.vizio.com/flat-panel-hdtvs/vw46lfhdtv10a.html (Last Accessed on April 20, 2011).

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

17.     When capacitors are connected to a power source such as a battery or a wall outlet, electrons are moved from one plate to another, giving them equal and opposite charges.   Capacitors function as energy storage centers.   Their storage ability also allows capacitors to help smooth voltage spikes that are caused by lightning or electrical switches opening and closing, thus allowing a steady current to be supplied to circuits inside a television, radio, or stereo amplifier, for example. This ability helps prevent electronics from being destroyed.

18.     Electrolytic capacitors contain an electrolyte, an ionic conducting liquid.   The life of an electrolytic capacitor can be shortened by a number of occurrences, including overvoltage (*i.e.,* if the specified voltage is exceeded) or heat.

19.     Low quality capacitors may use an improper or defective chemical formula for the electrolyte in the capacitor.   An incorrect electrolyte formula within a faulty capacitor causes the production of hydrogen gas which can lead to bulging of the capacitor's case and eventual leaking of the electrolyte.   In some cases the capacitor actually pops (i.e., the "pop" in the pop of death) from build up of hydrogen gas, although mere bulging and leakage will also result in failure of the capacitor and the circuit board.

20.     Problems with faulty, low quality capacitors – particularly those manufactured in Taiwan – have been well-known since the early 2000's.  Beginning in late 2001, a number of online newsgroups and industry publications started reporting a large number of early failures of electrolytic capacitors manufactured in Taiwan.  The problems became known as the "capacitor plague"

21.     One rumored cause of the capacitor plagued was botched industrial espionage.  Reportedly, the employee of a Japanese manufacturer stole the formula for an electrolyte from his employer in Japan and sold it to Taiwanese electrolyte manufacturers. Unfortunately, the formula as sold was incomplete and a critical component of the electrolyte was missing, caused unintended chemical reactions resulting in the build-up of hydrogen gas.

22.     By 2004, researchers at the University of Maryland had zeroed in on causes of the Tawainese capacitor plague.   See Craig Hillman and Norman Helmold, *Identification of Missing or Insufficient Electrolyte Constituents in Failed Aluminum Electrolytic Capacitors,* available at: http://www.dfrsolutions.com/pdfs/2004_Electrolyte_Hillman-Helmold.pdf

23.     The pop of death may also be caused by excessive heat in the Vizio flat screen televisions and/or excessive voltage, which, in turn, causes the capacitors to fail.   Capacitors are designed to operate within a defined temperature and voltage range and for a certain period of time before ceasing to operate.   However, if the wrong capacitors or inferior quality capacitors are used for the given application, *i.e.,* they are exposed to too much heat or voltage, the life span of the capacitors will be severely diminished.

24.     Vizio knew or should have known about these capacitor problems but, nevertheless, manufactured, sold, and distributed TVs with defective capacitors and circuit boards beginning in 2003.

25.     Purchasers of the Vizio TVs have paid and continue to incur substantial parts and labor fees to repair their defective TVs as a result of the design defect after the expiration of the one year warranty for parts, as discussed below. Although it is possible to replace popped or bulging capacitors, upon information and belief Vizio's authorized repair centers frequently replace the entire affected circuit board, which results in higher repair costs to consumers.

26.     Thousands of consumers have complained about the Vizio pop of death on the internet and even some Vizio customer service representative have used the term "pop of death."   A Google search for Vizio "pop of death" returns thousands of results.   The website www.consumeraffairs.com alone has at least 42 pages of complaints.   Consumers have posted hundreds, if not thousands of complaints, on other websites as well, including consumerreports.org, highdefforum.com, ecoustics.com, hdguru.com, avsforum.com, and many more.

27.     Vizio knew or should have known at the time it sold the TVs that the circuit boards and/or capacitors it was using were defectively manufactured and/or designed and would have an unreasonably short life span.  The capacitor plague was well-documented by at least 2004.  Further, Vizio knew that the internal circuit boards and the individual electronic components of those circuit boards would be subjected to high temperatures and high voltage and that under normal operation usage these electronic components and circuit boards would fail after a certain period of time – usually soon after the expiration of the one-year parts warranty period.

28.     In addition to the foregoing, Vizio received confirmation of the defect alleged herein from the thousands of customer complaints that flooded its call centers.

29.     Defendants' wrongful acts have caused Plaintiff and members of the Class to incur ascertainable losses in the cost of repair and loss of use and value of their Vizio TVs.

30.     Despite Vizio's awareness of these defects, Vizio has nonetheless refused to take action to protect Class members from these design defects.

31.     Vizio never revealed the existence of the defect on its website or marketing materials, where it touts the characteristics of the TVs.

32.     Furthermore, the defect described herein was a material fact related to the reliability and normal operation of the TVs known only to Vizio.

33.     Vizio has made numerous affirmative representations about the value of the TVs.  For example, as noted above, Vizio calls itself "America's #1 LCD HDTV Company," whose motto is "Where Vision Meets Value."  Vizio states that it is "committed to bringing feature-rich consumer electronics to market at a value through practical innovation."

34.     Vizio has also asserted that their TVs have a typical panel lamp life of 40,000 hours.

35.     Had Plaintiff and members of the Class known about the defect, they would not have purchased their Vizio TVs.

## STATUTES OF LIMITATION

36.     Any applicable statutes of limitation have been tolled by Vizio's knowing and active concealment of the information it possessed about the true nature, purpose and characteristics of its TVs.

37.     Despite the thousands of complaints that Vizio received from its customers, Vizio has continued to conceal the existence of the defect from the consumer public. Vizio has kept Plaintiff and the members of the proposed class ignorant of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part.  Plaintiff and members of the proposed class could not reasonably have discovered this information or what Vizio knew about any of the issues and facts described herein.

38.     Vizio was, and is, under a duty to disclose the true nature, purpose, and characteristics of the defective TVs.  Despite that duty, Vizio knowingly, affirmatively, and actively concealed the facts alleged herein, and the concealment is ongoing.

39.     Based on the foregoing, Vizio is estopped from relying on any statues of limitation in defense of this action.  The causes of action alleged herein did or will accrue only upon discovery of the facts alleged herein and Vizio's fraudulent concealment thereof.

## APPLICATION OF CALIFORNIA LAW

40.     This Court properly can and should apply California law to all of the claims and issues asserted herein.  Certification of the Class under the laws of the State of California is appropriate because:

(a)     Vizio is a California corporation conducting substantial business in and from California.

1    (b)    Vizio's principal place of business and corporate headquarters are
2    located in California.

3    (c)    Decisions regarding Vizio's representations and omissions regarding the
4    defective TVs were made in and from California.

5    (d)    Vizio's marketing, promotion activities and literature, as well as its
6    warranties, are coordinated at, emanate from and/or are developed at its California
7    headquarters.

8    (e)    The statutory consumer protection claims asserted in this Complaint
9    may be appropriately brought on behalf of California and out-of-state Class members;

10    (f)    Vizio directs consumers to contact it in California for warranty claims
11    and service; and

12    (f)    Plaintiff and a significant number of Class members reside in California.

### CLASS ALLEGATIONS

41.    Plaintiff brings this class action pursuant to Federal Rule of Civil
Procedure 23 and, to the extent applicable, the provisions of and California Civil
Code section 1781, on behalf of themselves and all other persons similarly situated.

42.    The class that Plaintiff seeks to represent is defined as follows:

**All consumers in the United States who purchased one or more Vizio TVs during the Class Period.**

43.    Plaintiff also seeks to represent a subclass that includes each member
of the proposed class described in Paragraph 41, above, who is a "consumer," as that
term is defined by California Civil Code section 1761(d), or purchased "goods" or
"consumer goods," as those terms are defined by California Civil Code sections 1761(a)
and 1791(a), respectively (the "Consumer Subclass").

44.    Excluded from the class are the following:

a.    Vizio, its subsidiaries, affiliates, officers, directors, and
employees;

b.　counsel, and the immediate families of counsel, who represent Plaintiff in this action;

c.　the judge presiding over this action; and

d.　jurors who are impaneled to render a verdict on the claims alleged in this action.

45.　Plaintiff is informed and believes that the proposed class comprises millions of members. The class is, therefore, so numerous and geographically dispersed that joinder of all members in one action is impracticable.

46.　Vizio has acted with respect to Plaintiff and members of the proposed class in a manner generally applicable to each of them.  There is a well-defined community of interest in the questions of law and fact involved, which affect all class members.  The questions of law and fact common to the class predominate over the questions that may affect individual class members, including the following:

a.　Whether the Vizio TVs are defective and/or defectively designed;

b.　Whether Vizio knew, or was reckless in not knowing, that the TVs were defective at the times they were sold to Class members; and

c.　Whether as a result of Vizio's misconduct, Plaintiff and other Class members are entitled to damages, restitution, equitable relief, injunctive relief, or other relief, and the amount and nature of such relief.

47.　Plaintiff's claims are typical of the claims of all members of the class they propose to represent in this action.

48.　Plaintiff will fairly and adequately represent and protect the interests of the class, and do not have interests that are antagonistic to or in conflict with those they seek to represent.

49.　Plaintiff has retained counsel who have extensive experience in the prosecution of class actions and other forms of complex litigation.

50.    In view of the complexity of the issues and the expense that an individual plaintiff would incur if he or she attempted to obtain relief from a large corporation such as Vizio, the separate claims of individual class members are monetarily insufficient to support separate actions.  Because of the size of the individual class members' claims, few, if any, class members could afford to seek legal redress for the wrongs complained of in this Complaint.

51.    The class is readily definable, and prosecution as a class action will eliminate the possibility of repetitious litigation and will provide redress for claims too small to support the expense of individual, complex litigation.  Absent a class action, class members will continue to suffer losses, Vizio's violations of law will be allowed to proceed without a full, fair, judicially supervised remedy, and Vizio will retain sums received as a result of its wrongdoing.  A class action will provide a fair and efficient method for adjudicating this controversy.

52.    The prosecution of separate claims by individual class members would create a risk of inconsistent or varying adjudications with respect to thousands of individual class members, which would, as a practical matter, dispose of the interests of the class members not parties to those separate actions or would substantially impair or impede their ability to protect their interests and enforce their rights.

53.    Plaintiff does not anticipate any difficulty in the management of this litigation.

54.    The proposed class satisfies the certification criteria of Federal Rule of Civil Procedure 23 and, to the extent applicable, California Civil Code section 1781.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Breach of Express Warranty)

55.    Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

-11-

56.   Vizio states that "VIZIO provides a warranty to the original purchaser of a new Products [sic] against defects in materials and workmanship for a period of one year of non-commercial usage and ninety (90) days of commercial use. If a Product covered by this warranty is determined to be defective within the warranty period, VIZIO will either repair or replace the unit at its sole option and discretion." The purchase price of Vizio TVs includes the warranty described herein, which is part of the basis of the bargain.

57.   Vizio breached and continues to breach its express warranties by engaging in the conduct alleged herein.

58.   The TVs were defective within the warranty period because of the defectively manufactured circuit boards and capacitors and, therefore, the products were "defective within the warranty period." Nevertheless, Vizio has refused to provide warranty coverage for the defective TVs if more than one year has passed since the purchase date.

59.   Plaintiff and proposed class members have been and continue to be damaged by Vizio's breaches of its express warranties and have suffered damages in an amount to be determined at trial.

60.   Given Defendants' knowledge of the extraordinarily high failure and complaint rate for the Vizio TVs (which frequently fail shortly after the one year warranty period has expired), the large expense that consumers must bear to fix this problem, and Vizio's failure to disclose this common defect to consumers, its attempt to limit, disclaim, and/or shorten any express or implied warranties (and exposure to damages) is unconscionable and invalid.   Indeed, Defendant had superior knowledge with respect to this latent defect in the Vizio televisions, Plaintiff and Class members lacked a meaningful choice with respect to the terms of the warranty due to unequal bargaining power, and the warranty limitations and other terms unfairly favor Vizio.

61. Therefore, Plaintiff and the other class members are entitled to legal and equitable relief against Vizio, including damages, declaratory relief, specific performance, rescission, restitution, attorneys' fees, costs of suit, and other relief, as appropriate.

### SECOND CLAIM FOR RELIEF

### (Fraud)

62. Plaintiff realleges and incorporates by reference the allegations contained in preceding paragraphs of this Complaint.

63. At all times relevant herein, Vizio made misrepresentations of material fact to Plaintiff and the class regarding the quality and value of the TVs. Vizio knew those representations were false when it made them.

64. Vizio has also concealed material facts from Plaintiff and the class, including its knowledge that the TVs were equipped with defective circuit boards and capacitors which would render the useful life of the TVs unreasonably short.

65. Vizio had a duty to disclose these facts, regardless of the existence of privity (*see, e.g.,* Cal. Civ. Code § 1711). Plaintiff and class members would have acted differently if Vizio had disclosed this information and allowed them to make a fully-informed decision before purchasing the TVs.

66. Vizio's misrepresentations of material fact are uniform and the facts Vizio has concealed from consumers are similarly material and uniform.

67. Vizio made the misrepresentations of material facts and omitted the material facts alleged herein intentionally and/or recklessly, with the intention that Plaintiffs and members of the class rely on them.

68. As a proximate result of Vizio's misrepresentations and concealment and suppression of material facts, Plaintiff and the proposed class have sustained damages by, *inter alia,* **(a)** paying more for the TVs than they would have paid if Vizio had not misrepresented and concealed the facts alleged herein; and **(b)** being forced to pay for the repair or replacement of the TVs.

69.     Because Vizio engaged in the conduct alleged herein deliberately and with willful and malicious intent, Plaintiff and the proposed class are entitled to an award of punitive damages.  The total amount of damages suffered by Plaintiff and the class will be proved at trial.

### THIRD CLAIM FOR RELIEF

### (Unfair and Deceptive Acts and Practices

### in Violation of the Consumers Legal Remedies Act)

70.     Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

71.     This claim for relief is brought pursuant to the CLRA.  Plaintiff is a "consumer," as that term is defined by Civil Code section 1761(d) because he bought his Vizio TV for personal, family, or household purposes.

72.     Plaintiff and members of the Consumer Subclass have engaged in a "transaction" with Vizio, as that term is defined by Civil Code section 1761(e).

73.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purposes of the CLRA, and were undertaken by Vizio in transactions intended to result in, and which resulted in, the sale of goods to consumers.

74.     By engaging in the conduct alleged this Complaint, Vizio has violated subdivisions (a)(2), (a)(5), (a)(7), (a)(9), (a)(14), and (a)(19) of California Civil Code section 1770.

75.     By selling TVs which are described as "#1" and a "value" with a typical panel life of 40,000 hours or more, Vizio has represented, and continues to represent, that the TVs have characteristics, uses and benefits, or qualities that they do not have, and that they are of a particular standard, quality, or grade, when they are not, in violation of Civil Code section 1770, subsections (a)(2), (a)(5) and (a)(7).

76.     By engaging in the conduct alleged herein, above, Vizio has also advertised, and continues to advertise, goods with the intent not to sell them as

1    advertised, in violation of California Civil Code section 1770(a)(9).   Additionally, Vizio

2    has violated and continues to violate subsections California Civil Code section 1770,

3    subsections (a)(14) and (a)(19), by engaging in the conduct alleged herein.

4        77.    Plaintiff seeks an order awarding actual and, because Vizio engaged in

5    the conduct alleged herein deliberately and with willful and malicious intent, punitive

6    damages.   The total amount of damages suffered by Plaintiff and the class will be

7    proved at trial.

8        78.    Pursuant to Section 1782 of the CLRA, Plaintiff provided Vizio with

9    written notice of its violations of the CLRA by certified mail, and thereby provided

10   Vizio with an opportunity to correct or otherwise rectify the problems alleged herein

11   before this Complaint was filed.  Vizio did not avail itself of that opportunity.

12       79.    Plaintiff also seeks an order enjoining Vizio from violating the CLRA

13   by continuing to sell defective TVs.

14                        **FOURTH CLAIM FOR RELIEF**

15              **(Unlawful, Fraudulent, and Unfair Business Practices**

16                 **in Violation of the Unfair Competition Law)**

17       80.    Plaintiff realleges and incorporates by reference the allegations set

18   forth in each of the preceding paragraphs of this Complaint.

19       81.    By committing the acts and practices alleged herein, Vizio has engaged

20   in unlawful, fraudulent, and unfair business practices in violation of the UCL:

21              a.     **Unlawful Conduct**:  As a result of engaging in the conduct

22                     alleged in this Complaint**,** Vizio has violated the UCL's proscription

23                     against engaging in unlawful conduct by virtue of **(i)** its fraudulent and

24                     deceitful conduct in violation of California Civil Code sections 1709

25                     through 1711, as alleged in **(ii)** its violations of the Consumers Legal

26                     Remedies Act, California Civil Code sections 1770(a)(5), (a)(7), (a)(9),

27                     (a) (14), and (a)(19); and **(iii)** its violations of the False Advertising

28

1  Law, California Business & Professions Code sections 17500 through
2  17536.

3      b.  **Fraudulent Conduct**:  Vizio has violated the UCL's
4  proscription against fraud as a result of engaging in the fraudulent
5  and deceitful conduct alleged in this Complaint.

6      c.  **Unfair Conduct**:  Vizio has violated the UCL's proscription
7  against unfair conduct as a result of engaging in the conduct alleged in
8  this Complaint.

9      82.  Vizio's violations of the UCL continue to this day.  As a direct and
10 proximate result of Vizio's violations of the UCL, Plaintiff has suffered actual
11 damage in that, *inter alia*, he paid more for the TV than he would have had Vizio
12 not represented the nature, quality, and value of the TVs.

13                         <u>**FIFTH CLAIM FOR RELIEF**</u>

14     **(Violation of the Magnusson-Moss Warranty Act, 15 U.S.C. §§2301-2312)**

15     83.  Plaintiff incorporates by reference and realleges all paragraphs
16 previously alleged herein.

17     84.  The TVs are consumer products under 15 U.S.C. §2301(1).

18     85.  Plaintiff and other Class Members are consumers under 15 U.S.C.
19 §2301(3).

20     86.  Defendant is a supplier and warrantor under 15 U.S.C. §2301(4)-(5).

21     87.  The Vizio warranty is a written Warranty under 15 U.S.C. §2301(6).

22     88.  Vizio breached and continues to breach its express warranties by
23 engaging in the conduct alleged herein.

24     89.  In its capacity as warrantor, any attempt by Vizio to limit its express
25 warranties in a manner that would exclude coverage of the defective TVs is
26 unconscionable and any such effort is null and void.

27     90.  As a direct and proximate result of Vizio's conduct Plaintiff and the
28 Class are entitled to legal and equitable relief against Vizio including damages,

1   specific performance, a declaration that Vizio breached its written warranties,

2   attorneys' fees, costs of suit and other relief as appropriate.

3   <center>SIXTH CLAIM FOR RELIEF</center>

4   <center>**(Violations of the Song-Beverly Consumer Warranty Act Song-Beverly**</center>

5   <center>**Consumer Warranty Act, Cal. Civ. Code §§ 1792 et seq.)**</center>

6   91.   Plaintiff incorporates by reference and realleges all paragraphs

7   previously alleged herein.

8   92.   Under California's Song-Beverly Consumer Warranty Act, Cal. Civ.

9   Code §§1792 et seq., every sale of consumer goods is accompanied by both a

10   manufacturer's and retail seller's implied warranty that the goods are

11   merchantable.

12   93.   The defective TVs at issue are "consumer goods" within the meaning of

13   Cal. Civ. Code §1791(a).

14   94.   Vizio is a "manufacturer" within the meaning of Cal. Civ. Code

15   §1791(j).

16   95.   Plaintiff bought Vizio TVs sold at retail in the State of California.

17   96.   At the time of sale, Vizio was in the business of manufacturing and

18   selling Vizio TVs.

19   97.   By operation of law, Defendants impliedly warranted to Plaintiff and

20   Class members that the Vizio TVs were of merchantable quality and fit for the

21   ordinary purposes for which the TVs are used.

22   98.   Vizio knowingly sold a defective product without conspicuously

23   informing consumers about the pop of death defect.

24   99.   Vizio had reason to know at the time of sale that the TVs were

25   required for a particular purpose and that Plaintiff and Class members were relying

26   on Defendants' skill or judgment to select or furnish such goods.

27

28

<center>**-17-**</center>

<center>COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES</center>

100.   The Vizio TVs are defective due to the defects alleged above and, as a result, the TVs were not merchantable at the time of sale and do not function in their ordinary capacity.

101.   The time limits contained in Vizio's warranty are grossly inadequate to protect the Plaintiff and members of the Class.  Among other things, Plaintiff and members of the Class had no meaningful choice in determining those time limitations; the warranties were written by Vizio, without input of the Plaintiff or Class members; the terms of the limited warranties unreasonably favored Vizio by creating a one-year warranty limitation on a product consumers could reasonably expect to last over 40,000 hours; a gross disparity in bargaining power existed as between Vizio and Class members; and Vizio knew or should have known that the Vizio TVs were defective at the time of sale and would fail well before the end of their useful lives, thereby rendering the time limitations insufficient, inadequate, and unconscionable.

102.   As a proximate result of Defendant's breach of implied warranties, Plaintiff and Class members have sustained damages and other losses in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

103.   Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

104.   Plaintiff and Class Members entered into agreement to purchase the Vizio TVs which include a warranty contract with Vizio and thus they were in privity with Vizio.

105.   The warranty contracts are subject to the implied covenant that Vizio would conduct business with Plaintiff and Class Members in good faith and would deal fairly with Plaintiff and Class Members.

106.    Vizio breached those implied covenants by abusing its discretion in the performance of the warranty contracts or by intentionally subjecting Plaintiff and Class Members to risks beyond which they would not have reasonably contemplated at the time of purchase.

107.    As a direct and proximate result of Vizio's breach of its implied covenants of good faith and fair dealing, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

### EIGHTH CLAIM FOR RELIEF

### (Unjust Enrichment)

108.    Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.  This count is plead in the alternative to the breach of warranty counts.

109.    By engaging in the conduct described in this Complaint, Vizio has been unjustly enriched by, *inter alia*, its sale of TVs at inflated prices.

110.    As a proximate result of Vizio's conduct, Vizio obtained secret profits by which it became unjustly enriched at Plaintiffs' and the class Members' expense. Under the circumstances alleged herein, it would be unfair for Vizio to retain the profits it has unjustly obtained at the expense of the Plaintiffs and the class.

111.    Accordingly, Plaintiff seek an order establishing Vizio as a constructive trustee of the profits that served to unjustly enrich Vizio, together with interest during the period in which Vizio has retained such funds, and requiring Vizio to disgorge those funds to Plaintiff and members of the proposed class in a manner to be determined by the Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief in this Complaint as follows:

1             a.      For an order certifying that the action may be maintained as a

2 class action, on behalf of the proposed class, the Consumer Subclass, and any other

3 subclass(es) the Court may deem appropriate;

4             b.      For an order awarding Plaintiff and members of the Class an

5 amount of actual and statutory damages, restitution and punitive damages in an

6 amount to be determined at trial;

7             c.      For an award of pre- and post-judgment interest on any

8 amounts awarded;

9             d.      For injunctive or other appropriate equitable relief requiring

10 Vizio to recall or otherwise adequately repair the defective TVs;

11             e.      For injunctive relief preventing Defendants from continuing to

12 manufacture and sell TVs without disclosing or fixing the design defect and pop of

13 death problem;

14             f.      For an order granting Plaintiff reasonable costs and attorney's

15 fees; and

16             g.      Ordering such other relief as may be just and proper.

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

1    **DEMAND FOR TRIAL BY JURY**

2    Plaintiffs demand a trial by jury on all issues so triable.

3

4    DATED:  April 22, 2011                          MAURIELLO LAW FIRM, APC

5
                                     By: _____
6                                             Thomas D. Mauriello
7                                             1181 Puerta Del Sol, Suite 120
                                              San Clemente, CA 92673
8                                             Phone: (949) 542-3555
                                              Fax: (949) 606-9690
9

10                                            CHIMICLES & TIKELLIS LLP
                                              Steven A. Schwartz
11                                            Timothy N. Mathews
                                              361 W. Lancaster Avenue
12                                            Haverford, PA  19041
13                                            Telephone:  (610) 642-8500

14                                            HORWITZ, HORWITZ
                                                & PARADIS
15                                            Michael A. Schwartz
16                                            Mark Butler
                                              405 Lexington Avenue, 61st Fl.
17                                            New York, NY  10174
                                              Tel:  (212) 986-4500
18                                            Fax:  (212) 986-4501

19
                                              COHEN MILSTEIN SELLERS
20                                              & TOLL PLLC
                                              Andrew N. Friedman
21                                            Douglas J. McNamara
                                              1100 New York Ave, NW
22                                            Suite 500, West Tower
                                              Washington, D.C. 20005
23                                            Tel.: (202) 408-4600
24

25                                            *Attorneys for Plaintiff Robert*
                                              *Warcholik on behalf of himself*
26                                            *and all others similarly situated*

27

28

-21-
COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

## DECLARATION OF ROBERT WARCHOLIK

I, Robert Warcholik, declare under penalty of perjury as follows:

1.      I make this declaration based upon my personal knowledge except as to those matters stated herein that are based upon information or belief, which I believe to be true.

2.      I am an adult citizen of the State of California.  I reside in San Diego, San Diego County, California and I am a named Plaintiff in this litigation.

3.      I purchased a 42 inch Vizio plasma TV from Costco in February, 2007.

4.      To the best of my knowledge, information and belief, Defendant, Vizio, Inc., is a California corporation with its principal place of business and executive offices located in Irvine, Orange County, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 9 day of August, 2010 at San Diego County, California.

Robert Warcholik

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV11- 3485 VBF (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Thomas D. Mauriello, Esq. (CA Bar No. 144811)
MAURIELLO LAW FIRM, A.P.C.
1181 Puerta Del Sol, Suite 120
San Clemente, CA 92673
Tel: (415) 542-3555  Email: tomm@maurlaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ROBERT WARCHOLIK, on behalf of himself and all others similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>VIZIO, INC., a California corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11-03485 VBF (Ex)**<br><br>**SUMMONS** |
| --- | --- |

TO:  DEFENDANT(S): VIZIO, INC.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Thomas D. Mauriello_____, whose address is 1181 Puerta Del Sol, Suite 120, San Clemente, CA 92673, Tel: (949) 542-3555_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: APR 22 2011

By: ROLLS ROYCE PASCHAL

Deputy Clerk

(Seal of the Court)

1144

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Robert Warcholik, on behalf of himself and all others similarly situated | Vizio, Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Thomas D. Mauriello, Esq. (CA Bar No. 144811) | Unknown |
| MAURIELLO LAW FIRM, A.P.C. *Tel: 949-542-3555* | |
| 1181 Puerta Del Sol, Suite 120, San Clemente, CA 92673 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  
☐ 3 Federal Question (U.S. Government Not a Party)  
☐ 2 U.S. Government Defendant  
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  
☐ 2 Removed from State Court  
☐ 3 Remanded from Appellate Court  
☐ 4 Reinstated or Reopened  
☐ 5 Transferred from another district (specify):  
☐ 6 Multi-District Litigation  
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No   ☑ MONEY DEMANDED IN COMPLAINT: $ TO BE DETERMINED

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. sec. 1332(d)(2) - Defendant and certain class members are citizens of different states, and the matter in controversy exceeds $5,000,000

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

| FOR OFFICE USE ONLY: Case Number: | **CV11-03485 VBF (Ex)** |
|---|---|

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

04/22/2011 15:41   #561 P.003/008

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
            ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
            ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
            ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
 ☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Plaintiff Robert Warcholik - County of San Diego |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
 ☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant Vizio, Inc. - County of Orange |  |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):**  _Thomas D. Mauriello_    Date _April 22, 2011_

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |