FILED
CLERK, U.S. DISTRICT COURT

AUG 30 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WARCHOLIK, CHARLES BRAND, SHELLY CRAMER, KIMBERLY BECK and DONNA DIAZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VIZIO, INC., a California corporation,<br><br>Defendant. | Case No. CV11-03485 VBF (Ex)<br><br>[~~PROPOSED~~] ORDER GRANTING STIPULATED PROTECTIVE ORDER |

**[PROPOSED] ORDER**

Having read and considered the parties' joint stipulation re protective order, and good cause shown, the Court hereby enters the following protective order:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action will involve production of confidential, proprietary or otherwise private manufacturing, procurement, financial, design, marketing and other information for which special protection from public disclosure and from use for any purpose other than litigating this action may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"). The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 11 hereof, that this Order creates no entitlement to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 Party: any party to this action, including, for corporate entities, all officers, directors, employees, consultants, retained experts and counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored or maintained (including, inter alia, testimony, transcripts, electronically stored information and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection

under the standards developed pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

2.4 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party in this action.

2.5 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.8. Counsel: attorneys who are retained to represent or advise a Party in this action, including in-house counsel (and their support staff).

2.9 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or consultant in this action and who is not a past or a current employee of a Party, or a current employee of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.10 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving and processing data in any form or medium) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Order cover not only Protected Material but also any information copied or extracted in whole or in part therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations

or presentations by Parties or Counsel in court or other settings that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after the final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to the specific material that qualifies under the appropriate standards.

The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which

protection is not warranted are not swept unjustifiably within the ambit of this Order.

Designations shall be made in good faith; indiscriminate or routinized designations are prohibited.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (i.e., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify in one of two ways all portions of the testimony that qualify as "CONFIDENTIAL": (1) identify on the record, before the close of the deposition, hearing or other proceeding, all portions of the testimony that qualify as "CONFIDENTIAL;" or (2) identify in writing within twenty (20) business days of receipt of the final transcript those specific portions of the testimony that qualify as "CONFIDENTIAL." Following the deposition, hearing or other proceeding, all portions of the transcript, and all exhibits thereto, shall be afforded "CONFIDENTIAL" treatment until the Designating Party identifies in writing those portions as to which protection is

being asserted, or until the 20-business day period has passed, whichever comes first.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container(s) in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3 Inadvertent Failures to Designate. Inadvertent failure to designate qualified information or items as "CONFIDENTIAL" shall not waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" within five (5) business days of discovery of the failure to so designate the material, the Receiving Party(s), on timely notification of the designation, shall make all reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. Any dispute concerning confidentiality designations will be subject to the meet and confer requirements of Local Rule 37-1.

6.3 Judicial Intervention. If the parties cannot resolve a challenge without Court intervention, disputes concerning confidentiality designations shall be submitted to the Court pursuant to Local Rule 37-2 (and in compliance with Local Rule 79-5, if applicable). Until the Court rules on the challenge, all Parties shall

continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

     7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. After final disposition of the litigation, a Receiving Party must comply with the provisions of Section 12 hereof (FINAL DISPOSITION).

     Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

     7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

     (a) the Receiving Party's Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A;

     (b) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). When an Expert of the Receiving Party signs Exhibit A, the Receiving Party shall retain the original, executed Exhibit A. Upon identification of any such Expert, pursuant to Rule 26(a)(2), the Receiving Party shall concurrently provide a copy of the executed Exhibit A;

     (c) the Court and its personnel;

(d) court reporters, their staffs and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Order; and

(f) the author of the document or the original source of the information.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order.

The Receiving Party also must immediately and in no event more than three (3) business days after receipt of the subpoena or order inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. The correspondence must include a copy of this Order. The Receiving Party shall not under any circumstances disclose or otherwise make available any Protected Material earlier than the noticed date of production.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking

protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The Producing Party shall reasonably cooperate with the Designating Party in that regard.

## 9. MATERIAL COVERED BY CONFIDENTIALITY AGREEMENTS WITH THIRD PARTIES OR OTHER PROTECTIVE ORDERS

Where information requested is protected by a confidentiality agreement or protective order with a Third Party, such information shall be produced under the guidelines set forth in this Order, unless production would violate an existing agreement with a Third Party or an order issued by another court, in which case the Producing Party shall provide the Receiving Party with a copy of the other agreement and/or court order and a description of the documents being withheld pursuant to such agreement or order.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or entity or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing all Parties, including the Designating Party, of the unauthorized disclosures and all facts relating thereto, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or entity to which unauthorized disclosure was made of the terms of this Order, and (d) request that such person or entity execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Upon motion, the Court may order such further and additional relief as it deems appropriate and just.

## 11. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record any Protected Material. A Party that seeks to file under seal any

Protected Material must comply with Local Rule 79-5. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 79-5 is denied by the Court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the Court.

## 12. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final disposition of this action, each Receiving Party must return to the Producing Party or destroy all Protected Material. As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing, in whole or in part, any Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty-day deadline that identifies (by category, where appropriate) all Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence and attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

## 13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.

Similarly, no Party waives any right to object on any ground to use in evidence of any material covered by this Order.

13.3 This Order need not be signed and entered by the Court to be effective; the Order shall be effective and binding on the Parties as of and from the date executed by the undersigned counsel.

13.4 This Order is intended solely to facilitate the preparation for and trial of this action, and shall not:

    13.4.1 Operate as an admission by any Party that any Protected Material actually constitutes or contains confidential or proprietary information in contemplation of law;

    13.4.2 Operate as an admission by any Party that the restrictions and processes set forth herein constitute adequate protection for any particular Protected Material; provided, however, no interpretation of this provision shall render the protections afforded by other provisions of this Order meaningless or inapplicable;

    13.4.3 Operate as a waiver of any attorney-client privilege, work product protection or other applicable privilege and/or protection, or operate as waiver of the right to protect the inadvertent disclosure of information that is attorney-client privileged or protected under the work product doctrine or other applicable privilege and/or protection;

    13.4.4 Prejudice in any way the right of any Party to object to the production of Discovery Material they consider not subject to discovery;

    13.4.5 Prejudice in any way the right of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

    13.4.6 Prejudice in any way the right of any Party to request that particular Protected Material be treated more restrictively than otherwise provided for herein, and, absent agreement of the Parties, to petition the Court for a further protective order relating to any such Protected Material;

    13.4.7 Prejudice in any way the right of any Party to seek a court determination as to whether Discovery Material should be subject to the terms of this Order; or

    13.4.8 Prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to particular Discovery Material.

  13.5 Notwithstanding any provision herein to the contrary, this Order shall have no effect upon, and shall not apply to, a Party's use of its own Protected Material;

  13.6 In the event a new Party joins or is joined in this action, that new Party shall not have access to any Protected Material until it has executed Exhibit A hereto.

**IT IS SO ORDERED.**

DATED: 8/30/11

The Honorable ~~Valerie Baker Fairbank~~
~~United States District Judge~~
Charles F. Eick
United States Magistrate Judge

- 11 -

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order (the "Order") that was issued by the United States District Court for the Central District of California in the case of *Warcholik v. Vizio, Inc.*, Case No. CV 11-03485 VBF (Ex). I agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

Printed name: _____

Signature: _____

IRI-25508v1